AUSA:   Ranya Elzein                                     Telephone: (313) 226-0213
AO 91 (Rev. 11/11) Criminal Complaint      Special Agent:   Ashley Nevans, FBI        Telephone: (313) 268-8871

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
KASINE MITCHELL

Case: 2:22−mj−30096
Assigned To : Unassigned
Assign. Date : 2/24/2022
Description: RE: SEALED MATTER (EOB)

Case No.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 23, 2022__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance. |
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Ashley Nevans, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: February 24, 2022

*Judge's signature*

City and state: Detroit, MI

Hon. David R. Grand, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, ASHLEY NEVANS, having been duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since October 2019. I am currently assigned to the Detroit field office, assigned to the Violent Gang Task Force (VGTF) and participate in investigations into street gangs committing various violations of federal law, including narcotics and weapons trafficking and violent crime. Prior to my present assignment, I was an FBI Intelligence Analyst assigned to the El Paso field office. Through my training and experience, I have learned the ways in which drugs are often packaged for distribution, the common methods of payment used in drug sales, and the ways in which drug traffickers use firearms in connection with their drug distribution.

2. This affidavit is being submitted in support of a criminal complaint alleging that KASINE MITCHELL has violated 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 18 U.S.C. § 922(g) (Felon in Possession of a Firearm).

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging MITCHELL with the above listed violations, I have not included each and every

1

fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe the defendant committed the offenses alleged in the complaint.

4. On February 23, 2022, officers of the Detroit Police Department Fourth Precinct were conducting routine patrol in the area of Livernois and Otis Street in Detroit, Michigan when they observed a black Ford Fusion bearing license plate EKZ2045 (MI) with two front windows that were tinted in violation of Michigan law. Officers stopped the vehicle based on this illegal window tint.

5. Officers encountered two individuals when they approached the Ford Fusion. Officers identified a female driving the vehicle, and they identified the front passenger of the vehicle as Kasine MITCHELL. When officers approached the vehicle, they detected the odor of burnt marijuana coming from the vehicle.

6. The officer on the passenger side of the vehicle spoke to MITCHELL. The officer saw small crumbs of a green, leafy substance that appeared to be marijuana on MITCHELL's shirt. While looking at MITCHELL's shirt, the officer saw the shape of an object concealed under MITCHELL's shirt. The officer recognized the shape of that object to be consistent with the handle of a handgun. The officer asked MITCHELL if he was a CPL holder, and MITCHELL did not respond. The officer then told MITCHELL to place his hands on top of his head,

and MITCHELL complied. The officer lifted MITCHELL's shirt up and observed a black handgun sitting on MITCHELL's lap. Once outside of the patrol vehicle, another officer asked MITCHELL if he possessed a valid CPL, to which MITCHELL responded, "no."

7. The firearm recovered was a Glock 19 9mm handgun with serial number NYA141, and it was loaded with ammunition. While handcuffing MITCHELL, officers also saw a tan extended magazine in the front passenger side door. Officers recovered this extended magazine, which contained multiple 9mm rounds of ammunition.

8. During a search incident to MITCHELL's arrest, officers recovered the following from MITCHELL's right pants pocket: a knotted baggy containing six small ziplock baggies, each of which contained what appeared to be a single crack cocaine rock, (2) one knotted baggy containing one small crack cocaine rock, and (3) one knotted baggy containing four paper folds of what appeared to be heroin. Officers conducted a field test of the suspected narcotics. The suspected crack cocaine rocks tested positive for cocaine base, a Schedule II controlled substance, and weighed approximately 2.8 grams as packaged. The suspected heroin tested positive for heroin, a Schedule I controlled substance, and weighed approximately 2.8 grams as packaged.

9. During MITCHELL's processing at the detention center, an officer found $92 in cash in MITCHELL's shirt pocket.

10. Based on the drug packaging, and my training and experience in drug trafficking, I believe MITCHELL intended to sell the drugs that were seized. Specifically, in my training and experience, I know that individuals who sell drugs package them in separate baggies for distribution. I also know that individuals who sell drugs deal primarily in cash to avoid law enforcement detection. Additionally, I know that individuals who sell drugs often keep them on their person to easily effectuate sales and that they often carry firearms to protect their drugs and drug proceeds. Here, the manner in which the crack cocaine was packaged—multiple separate baggies each containing a single rock—is consistent with distribution. Additionally, the manner in which the heroin was packaged – in four separate paper folds – is consistent with distribution. And MITCHELL's possession of cash and a loaded firearm, along with the drugs, is consistent with drug distribution.

11. Before February 24, 2022, MITCHELL was convicted of the following felony offense, which carries a maximum penalty of over one year in prison:

- 2010: Delivery/Manufacture of Cocaine, Heroin, or Other Narcotic Less than 50 grams - Attempt (3rd Circuit Court,

Wayne County, Michigan)

12. On February 24, 2022, I contacted Alcohol Tobacco and Firearms Special Agent Joshua McLean, an Interstate Nexus Expert. I provided Special Agent McLean with a description of the Glock 19 19mm handgun recovered from MITCHELL, and Special Agent McLean confirmed the firearm was manufactured outside of the state of Michigan and therefore travelled in interstate commerce before coming into MITCHELL's possession.

13. Based on the above, there is probable cause to believe that on February 23, 2022, KASINE MITCHELL violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g).

Respectfully submitted,

Ashley Nevans
Special Agent, FBI

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Honorable David R. Grand
United States Magistrate Judge

Dated: February 24, 2022